Judge Mills
delivered the opinion.
The appellee, in this case, has set up three entries in their bill, to recover the same piece of land from elder patents. Two of these entries have not been contended for as valid, in argument, andón examination of the ease, we conceive there is no pretext, from the proof, for contending for their validity. They will not, therefore, be further noticed. The third, which has been relied upon in argument, and which bas been sustained by the court beta tv, and on which relief was given, is in the following words :
“John Davidson enters 100U acres [ofland] upon a treasury warrant, No. 4702 ; beginning one and a half miles below the head of the left hand fork of Indian Lick creek, and funding northwardly and westwardly for quantity, including the heads of Cedar Lick creek. December 14, 1782.”
Indian Lick and Cedar Lick creeks, are two parallel branches of the rolling fork of Salt river, at some distance asunder, with at least one intervening and parallel branch of considerable size. They are both shewn to have beea *604 notorionsly known by their respective names, previous and subsequent, to the date of this entry Some observations have been made, in the argument, relative to the uncertainty in the expression, “ left hand fork,'” whether it is to be intended to apply toa person passing up, or down the stream. Whatever might be the construction or meaning of such expression, ,in relation to large streams and under different circumstances, we do not conceive there is any doubt in the pr<sent case. Indian Lick creek has at least one left hand fork as ihe traveller passes up the stream ; and this appears to have been the trae one in the understanding of ail the witnesses w ho speak on the subject, and who were conversant with the stream in early times. They well knew what was designated by the left band fork. Thus far we conceive the calls of this entry could bt distinctly traced. The difficulty occurs in'what follows. This ci fficulty is somewhat increased by the singularity of the record. We can pay no compliment to the preparatioo of the parties in the cause, and less to the surveyor, who, as being directed to amend, has still crowded Ihe record with a new plat and report somewhat unintelligible — and still less to the clerk, who. in making out This copy, has crowded it w ith more than one copy of the same depositions, with notices, affidavits, surveyors fees, &c which composed, legally, no port ofthe record. We, however, discover that the surveyor has reported one point as the one, placed at the distance of oiie and a half mile font the head of the left hand fork.
In small Streams “the left hand fork ” is to be asc naiiiei hr. ascending the stream.
The call for “ the head of a creek” is bad, as a locative, unless some point has acquired that reputation, or nature has pointed out some particular spring as the head.
Here uncertainty commences in the locative calls of this entry It is a general rule, settled by former decisions of this court, that a call for the head oí a stream, as a locative object, is an uncertain call. This rule is founded on good reasons. Every person who knows the face of the county, also knows that streams generally are much ramified near the bead, so as to make many rival sources, each claiming to be the head, and it is often difficult, if not impossible, to determine which has the fairest claim by nature to the appellation of il the head.” Besides, the termination of each of tbése branches are frequently not at any sensible point, such as a spring fixed at the head of the stream and ending it, but a gradual lessing of the channel till it is insensibly lost in the dividing ridge. To this general rule, however, there have been, and ought to be, some well founded exceptions. One is where reputav *605 tion has affixed to a certain spot tbe appellation of the head in exclusion of others. Such a call has been sustained, even where another rival spot seemed belter entitled, by nature, to the name “ head.n This case, however, is not embraced by this exception. For reputation of any place as “ the head of the left hand fork,” is not shewn in this cause. Another exception to this rule may be, where tbe stream is singular in its existence, and not ramified. but terminates in its ascent, in a sensible and single fountain easily distinguished as tbe bead of tbe stream by nature. This however is not shewn to be the case with the present stream. No such source is shewn, which the subsequent adventurer could distinguish from other ramifications as the head of the left band fork. This left bat d fork divides, according to some plats, into two other streams or forks, and on, at least, one plat, into three forks, and for any thing that appears in the cause there may be mere. Neither of these are shewn to have a certain determinate head either by nature or reputation. Besides, it does not appear that either or all of these branches were meandered They appear by marks, or drawing on the plats, but whether that showing is the conjectured delineations oí the pen or pencil, or the position of the stream fixed by actual survey we are not told. These remarks, with regard to the head of Indian Lick cieek, or its left hand fork, at the beginning of this entry, leaves great uncertainty in the beginning, and apply with greater force to its termination, or the points the entry must include. These «re not the head, but tbe heads of Cedar Lick creek. They are confessed to be more than one by the face of the entry itself. Of course the certainty of each of these heads as such cilher by reputation or by nature, must be shewn, and the difficulty and uncertainty are increased in proportion to the number. How many of these beads there are, we are not told or shewn either by the testimony of witnesses or tbe reports of survey. Exclusive of the plat which was presented in tbe Court below, after the interlocutory decree, some shew but two heads, and others shew moreand there is a probability of more still. For these heads are as conjectural as to their position as the heads of the left hand fork of Indian Lick. Whether tbe beads, and all the heads of Cedar Lick, are or can be shewn with certainty by actual survey on the ground, we are not told. It certainly lay upon, tbe party, relying qij *606 this entry, to identify all its calls. First, the head of the left band fork of Indian Lick, with such certainty that it could be found, known and discriminated from other places, bating pretensions to the same name; and, also, to desígnale and point out the existence and true situation of «Ht-.e beads of Cedar Lick, so. that no uncertainty should be b.fi what heads and how many were to be included.— This we conceive he has failed lo do, and for this reason bis entry must be deemed invalid, without going into the mueb disputed fact, litigated in the cause as to the true place, where the appellees original survey was made, and the decree of the court below is therefore deemed erroneous.
Daviess for appellant, Wickliffe for appellee.
The decree must be reversed with costs, and a mandate given to dismiss the bill with costs.